**KAREN M. VICKERS,** OSB No. 913810
kvickers@vickersplass.com
Telephone: 503-726-5985
**BETH F. PLASS,** OSB No. 122031
bplass@vickersplass.com
Telephone: 503-726-5975
VICKERS PLASS LLC
5200 SW Meadows Road, Suite 150
Lake Oswego, OR 97035

Special Assistant Attorneys General for
Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SEBASTIAN DIAZ,<br><br>Plaintiff,<br>v.<br>KAMERZELL, LIEUTENANT YOUNCE, C/O SCHATZLEIN and C/O COURTOURE,<br>Defendants. | Case No. 2:25-CV-0092-AN<br><br><br>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

**CERTIFICATE OF CONFERRAL**

Counsel, Beth F. Plass, certifies pursuant to LR 7-1(a)(1)(C) that Plaintiff is a prisoner,

not represented by counsel, and presently in the custody of the Oregon Department of

Corrections (ODOC) and is incarcerated at the Two Rivers Correctional Institution (TRCI) in

Salem, Oregon.

**MOTION**

Pursuant to Federal Rule of Civil Procedure 56, defendants Kammerzell, Youncs,

Schatzlein, and Couture ("Defendants") move this Court for its order granting summary

judgment in their favor and against plaintiff's complaint ("Complaint") in its entirety.  The

PAGE 1 – DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

ground for this motion is that there is no genuine dispute as to any material fact and that the

Defendants are entitled to judgment as a matter of law.  Defendants' motion is supported by the

argument and authorities below and the Declarations of Kammerzell, Schatzlein, and Couture

filed herewith.

## STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact

and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.  The initial

burden is for the moving party to point out the absence of any genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once that initial burden is satisfied, the

burden shifts to the non-movant to demonstrate through the production of probative evidence

that there remains an issue of fact to be tried.  *Id.*

"Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery

and upon motion, against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the

burden of proof at trial."  *Id.* at 322. To defeat summary judgment, a non-moving party must do

more "than simply show that there is some metaphysical doubt as to the material facts."

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather,

"where the record taken as a whole could not lead a rational trier of fact to find for the non-

moving party, there is no genuine issue for trial."  *Id.* at 587 (quotation marks omitted).  The

evidentiary standards for pro se litigants for summary judgment motions are not more lenient

than the evidentiary standards for represented parties.  *Jacobsen v. Filler*, 790 F.2d 1362, 1364-

65 (9th Cir. 1986). Pro se litigants are bound by the same rules of procedure. *Id.*

## FACTUAL BACKGROUND

The plaintiff in this matter is adult-in-custody Sebastian Diaz. During the time-period relevant to the Complaint, AIC Diaz was incarcerated at Eastern Oregon Correctional Institution ("EOCI").

AIC Diaz was involved in a fight with AICs Brewer and McNair on January 17, 2024. Prior to the incident between AICs Diaz, Brewer, and McNair, AIC Diaz raised concerns to defendants about living with a different AIC, AIC Crain. Declaration of John Couture ("Couture decl.") ¶ 3; Declaration of Travas Kammerzell ("Kammerzell decl.") ¶ 3; Declaration of Kevin Schatzlein ("Schatzlein decl.") ¶ 3. However, AIC Diaz did not provide specific information about AIC Crain, did not state that he was under threat of serious harm, and when given options, chose to stay in a cell with AIC Crain. Couture decl. ¶ 4.; Kammerzell decl. ¶ 4; Schatzlein decl. ¶ 4  Later, AIC Diaz was involved in an incident with two different AICs, Brewer and McNair. Schatzlein decl. ¶ 5.

## ANALYSIS

I.    **Defendants were not deliberately indifferent to any substantial risk of serious harm.**

AIC Diaz alleges that defendants were deliberately indifferent to a substantial risk of serious harm in violation of his Eighth Amendment rights. However, the evidence shows that AIC Diaz did not provide information about specific threats, and that Diaz's statements did not support that he was under imminent threat of bodily harm. The evidence also shows that

PAGE 3 – DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

defendants did not ignore AIC Diaz's safety concerns but instead investigated them and provided him with options if he felt he was at risk of harm.  Based on this record, no reasonable juror could conclude that defendants violated AIC Diaz's Eighth Amendment rights.

**A.  AIC Diaz was not incarcerated under conditions posing a substantial risk of serious harm.**

For a plaintiff to succeed on an Eighth Amendment claim for failure to protect them from violence, they must make an objective and subjective showing.  The plaintiff must first "make an objective showing that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation." *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005).  "General intimidation, harassment, and nonspecific threats, . . . although undesirable, do not demonstrate a constitutionally intolerable risk of harm." *Chandler v. Amsberry*, No. 3:08-CV- 00962-SI, 2014 WL 1323048, at *7 (D. Or. Mar. 28, 2014) (citing *Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007)).  The plaintiff must "present evidence of a specific or direct threat of imminent bodily harm and the ability of another to effectuate that harm."  *Id.* at *8; *see also Helling v. McKinney*, 509 U.S. 25, 34 (1993) (describing protecting against "sufficiently imminent dangers").

AIC Diaz cannot establish the objective component of deliberate indifference – i.e., that he was at a substantial risk of suffering serious harm.  AIC Diaz relayed only generalized concerns about his cellmate.  He did not provide defendants with specific information that his cellmate was threatening him, only that he had "bad charges," and there is no evidence that he provided specific information of concern about the individuals who ultimately attacked him. Evidence of nonspecific threats is insufficient to support the objective component of deliberate

PAGE 4 – DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

indifference.  *See Chandler*, 2014 WL 1323048, at \*7.

**B.  Defendants did not know of and disregard an excessive risk to AIC Diaz's safety.**

AIC Diaz also cannot establish the subjective component of deliberate indifference—i.e., that defendants knew of and disregarded an excessive risk to his safety.  The plaintiff must make a subjective showing that the prison official acted with "a subjectively culpable state of mind[.]" *Chandler,* 2014 WL 1323048 at \*6.  To establish the subjective component of deliberate indifference, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "It is not . . . every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834.  The fundamental requirement of a failure-to-protect claim is actual notice of risk.  The standard is not that the prison official should have been aware of the risk; the standard is that the prison official *was aware* of the risk. *See id.* at 838 ("an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment").

Here, AIC Diaz cannot establish that defendants knew of and disregarded an obvious risk.  When presented with information – even non-specific information – defendants followed up with AIC Diaz.  He was unwilling to provide specifics and just prior to the fight, stated that he was fine staying where he was.  This response was reasonable. *See Chandler,* 2014 WL 1323048, at \*6 (holding that prison officials are not liable if they respond reasonably to alleged

PAGE 5 – DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

risks).  Defendants responded to AIC Diaz's concerns.  There is no evidence of deliberate indifference.

## CONCLUSION

For the reasons given above, defendants request that the Court grant their motion for summary judgment.

DATED: December 9, 2025.

DAN RAYFIELD ATTORNEY GENERAL FOR THE STATE OF OREGON

_____s/Beth F. Plass_____
**KAREN M. VICKERS,** OSB No. 913810
kvickers@vickersplass.com
503-726-5985
**BETH F. PLASS,** OSB No. 122031
bplass@vickersplass.com
503-726-5975
Special Assistant Attorneys General for Defendants

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have made service of the foregoing **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** by sending a true and correct copy of same in the following manner:

    __X__   U.S. regular mail, first class postage prepaid;

    _____   Hand delivery;

    _____   Electronic mailing;

    _____   Express and/or overnight service;

to the person listed below and addressed as follows:

Sebastian Diaz
SID #26493192
Two Rivers Correctional Institution
82911 Beach Access Rd
Umatilla, OR 97882

DATED:  December 9, 2025.

DAN RAYFIELD ATTORNEY GENERAL FOR THE STATE OF OREGON

_____*s/Beth F. Plass*_____
**KAREN M. VICKERS,** OSB No. 913810
kvickers@vickersplass.com
503-726-5985
**BETH F. PLASS,** OSB No. 122031
bplass@vickersplass.com
503-726-5975
Special Assistant Attorneys General for Defendants

PAGE 7 – DEFENDANTS' MOTION FOR SUMMARY JUDGMENT