**CERTIFICATE OF SERVICE**

CASE NAME: DiAZ _____ v. KAMERZELL ET AL

CASE NUMBER: (if known) 2:25-CV-00092-AN

COMES NOW, SeBASTiAN DiAZ , and certifies the following:

That I am incarcerated by the Oregon Department of Corrections at TRCI
82911 BEACH Access RoaD UMatilla, OR 97882 .

That on the 5 day of JANUrY , 20 26 I personally placed in the
Correctional Institution's mailing service A TRUE COPY of the following:

SUMMARY JUDGMENT ResPoNse , EXHibit
A, B, C, 1A, 1B, 1C, 1D

I placed the above in a securely enclosed, postage prepaid envelope, to the person(s)
named at the places addressed below:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Sebastian DiAZ
(Signature)

Print Name SeBASTIAN DiAZ
S.I.D. No.: 26493192

_____

_____

Page 1 of 1 –Certificate of Service                    Form 03.015

1.) Note to the Court: I know little about law and how to defend myself or protect myself when it comes to Any Court proceedings, including how I will be responding to Rebuttal this dispute for the Defendants Summary Judgement. - I am not a lawyer -

I Presume ~~believe~~ that this Motion for Summary Judgement, Pursuant to Federal Rule of Civil procedure 56 fails On a Significant Amount of numbered claims/disputes; as to Any material facts by my and through my demonstration through the production of probative evidence; that there remains an issue Of fact to be tried, when I make this Showing; Misconduct report from And Submitted By K. Schatzlein, on 01-18-2024 - 1000am; that does establish And will Sufficiently establish the Existence of An element essential to my Case, on which I will bear and hold my burden of proof at trail, Thus, respectfully I ask this Court to deny Defendants Summary Judgement in full or in its entirety.

In this Misconduct report, it Clearly Shows and provides this Court "that there is [more] than" Some metaphysical doubt as to the material facts. Matsushita Elec. indus. Co., Ltd V. Zenith Radio Corp., 475 U.S. 574, 586. (1986).

Defendant K. Schatzlein, States: "I was" working
my assigned post as B2 Housing "(Housing)"    2.)
unit Officer. "I was" Standing at the Officer
Station and heard noises Coming from "Cell
7" Consistent with a fight. Defendant Schatzlein
Continues on to Report: "As I" Approached the
open Cell, "I witnessed" AIC Brewer and
AIC Diaz Standing arms locked together
And both Of "Our" faces Bloody [ in my Cell
7 And AIC Crains [Same] Cell 7▓; where I was
asking ▓▓▓ All Defendants for a Cell Move Out
Of ].

This Court may find Alove, within the last
Sentence Of Defendant Schatzlein Statement,
that Schatzlein 'uses' in this paragraph, that
Defendant K. Schatzlein, "order" — (this is a
Sufficient Showing to establish the existence
Of an element to my Case; that this is not
Just Simply Showing that I Am Saying
words, with no evidence to Connect All 3
Other AIC's, Crain, Brewer, and Mcnail to
information about Specific threats and/or to
Support ~~▓▓▓▓~~ the Establishment that I was
Under imminent threat of bodily harm And/or
Connection to Establish evidence that Defendant[S]
did ignore my Safety Concerns that there

B.) was and I was at risk of harm. Based on this record; Any reasonable Juror Could Conclude that all Defendants. Violated my Eighth Amendment rights.) -- (and that I am not Just Simply showing that I am saying words for a non existence Claim in Some metaphysical doubt as to the material facts.)    --; that the order / Command "was" AIC Brewer to Fo to the "B2" unit dayroom; And that I was order / Commanded [and I quote] to "Stay" in his [me, AIC Diaz] Cell [7] And that [after] the Order, I and Brewer Complied. I was in B2 Cell 7 attacked.

In Factual BackGround, Defendants use that "when Given options, [I] chose to Stay in Cell [7] with AIC Crain And defendants also use that later I was involved in an incident with two different AICs, Brewer and McNair. This Court may Conclude that this factual BackGround is inaccurate while being inComplete as well, by Seeing and Knowing that by choosing to Stay in the B2 Cell 7 with AIC Crain; And choosing am and/or Complaining About living with AIC Crain are two if not 3 Completely different things and/or dispute. (Staying in B2 Cell 7 is different from & Wanting choosing to live in B2 Cell 7 with

AIC Crain). Furthermore, even if for the Sake of an arguement, the factual background was Complete with whole facts about when Given options, I that chose to Stay in B2 cell 7 with AIC Crain; After the 1st Attack and Assult I Suffered in Unit B2 Cell 7, I was Order to [then] "Stay" in the Same Cell [7]; where in Front of Cell 7 Unit B2, I was again attacked for the 2nd time in restraints put on my Person mili seconds'before that attack. - Based on this evidence from Defendant Schatzlein Misconduct Report: EOCI Location of Violation: B2 where I was assigned Housing B2, Assignment 7A [cell]; the proof from my Claim in the beginning Of my Grievance within my first Sentence: "Several Days Prior to 01-24-24, A Situation Occurred on A3" Between" Us Northsiders and the Natives", Continuing to the 4th Sentence, "I was moved to [unit] B2 [Cell 7] with a Native AIC, [Crain], Shows this Court More than Simply Metaphysical Doubt, that there is Genuine dispute as to Material Fact, that Defendant Schatzlein presumes my Claim that I was very Specific About A Situation that Carried well on in-"to" B2 Cell 7, EOCI; Evidence that I provided Specific information of Concern about

5.) the individuals who ultimately attacked [natives] me. Unit B2 Cell 7 is the Connection to tie All Evidence together, to deny Summary Judgement, and proceed to A Trial Court. [My] Evidence of Specific threats, or direct threat of imminent bodily harm, even after the first Attack On my person in Unit B2 Cell 7, is Sufficient to Support the Objective Component of deliberate indifference. (There was a risk of harm after the first Attack and when I was ~~crossed out~~ Being placed in restraints) chandler V. Amsberry, NO. 3:08-CV-00962-SI, 2014 WL 1323048, at *7 (D. Or. Mar. 28, 2014); Fails here and does not Apply. Discovery Document 42, Defendant Schatzlein Decl. That Both I And AIC Crain told Break officer that we were fine living with each Other. ~~crossed out~~ Schatzlein then Decl's. that he "Was" Surprised, Right after declaring "he remembers' this Specifically", because of the ~~crossed out~~ Complaints (actual notice of Risk) he, Schatzlein, had received from Me and AIC Crain. Though Defendant Schatzlein Declares that he went to double-check with Me And Crain, And that we both Said we Were fine living together, doubling down that Me and AIC Crain did not want to Move, These are his Words, Defendants. Schatzlein's Word and there is no evidence to Support his Statement here. In fact this

Court may find that defendant Schatzlein's (6₁)
decl. is [only] true to the Best of his
Knowledge and belief and that he Understands
his declaration is made "for Use" as evidence in
Court. (A Belief is not ~~facts~~ facts, nor is it
factual; what Schatzlein believes does not
Support evidence for purposes of Fed.
R. Civ. P. 56. Schatzlein Belief proves there is not,
no Genuine dispute as to Any material fact.)
Moreover, all of defendants declarations
made for use as evidence in Court, is equal to
deny Summary Judgment based off of the
premise that me and AIC Crain daubled
down and Said we were fine to live together;
because this is to the best of Knowledge and
belief. If this Court May, Please Consider;
~~illegible~~
~~illegible~~ Both
potential witnesses to and victims of a Crime
Can be Sources of Valuable information;
Persons who Possess material information
about a Crime Are also Sources of evidence —
testimonial evidence, to be Sure, but evidence
Just the Same. Such evidence is Potentially as
Beneficial to the defense (prosecution) as to the
prosecution (defense), a fact reflected in the



7.) Value our legal System. State V. Fair 353 Or. 588 (2013) with respects to this Court, what Could Grant Defendants' Motion for Summary Judgement, may in light ~~lie~~ lie whats most favorable to my Case and deny Defendants Motion to Summary Judgement, in its entirety.

Having been Order/Commanded to Stay in my Cell 7 On Unit B2, This provides this Court with the proof to proceed to trail Jury because this helps establishes 2 elements to my Case for trial. 1. The attack fight/dispute happened in my Cell 7, Unit B2; that Clearly I was order to Stay in, in Order to be restrained in hand Cuffs, by this [Key Word] "Housing" Unit Officer, where many Complaints were made from B2 Cell 7 to Housing Unit Officer. 2. This Establishes the Connection to the existence of an element through Out (A). Unit Housing B2 Cell 7 and AIC Crain (Because we both were housed in B2 cell 7. (B). All Complaints verbal and writen to All defendants, Connect to Unit Housing B2 Cell 7. (C). where Both assults and attacks happened to Me by AIC Brewer and McNair Was On Unit in front of cell 7 → and B2 Housing B2 ↓ Cell 7; (the Same ↓ B2 ↓ Cell 7, that unit in front of AIC McNair Ran through Defendants to get

info; to attack me while in restraints. (D).
After the 1st dispute, with the defendant[s]
Knowing that the assult between Brewer and
me; on its face; factually just took place by
happening; In the same cell 7 unit B2 where
I was order to stay and was being restrained,
AIC McNair, "then ran accross the teir "Between"
staff and started attacking me with closed
fist punches to the side of my body and
head while I was in Restraints and while
I was still in·my (Front of/near) Cell 7, Unit Housing B2
making another Connection to all other actual
Notices of Risk Or Complaints. Though defendants
make declaration as such, that myself and
AIC Crain told defendant(s) we were fine to live
with One Another, defendant Schatzlein "was"
suprised because of ▨▨▨ the Complaints
that I and AIC Crain had made with
Schatzlein, Yet the Standard is that the
prison official "was" aware of risk and
this standard was met because Schatzlein
stated that "I "was" suprised and had
to double back myself to make sure and
Me and Crain said we were fine to live
together despite how Schatzlein declare's this;
This court may still find that the

9.) Standard was met here and this argument fails. ("I was" Surprised because of "all" the Complaints that I received from Diaz and Crain, Supports Another Strong element to my Case that this standard is met). (01-17-24 He was aware). Defendant Schatzlein puts in this misconduct Report that ALSO, I was taken down in restraints to the Ground, while I was Still being assulted and attacked, On the Ground. The Genuine dispute here Lies at the Heart of me being in restraints, On the Ground, while Still being punched and hit and all this, Just After I was Sprayed (inside Unit B2 cell 7). Schatzlein also Submitted in this Report of misconduct, that the Actions of these AIC's resulted in a institution lockdown, Severly impacting the Safety, Security and Orderly Operation of the facility; while Submitting that there also is futher Materials that Would humbly dispute that Defendants did Know of Both, Gang Groups, we're part of Specfic Threats to Other Bodily harm, Connecting Both AIC Brewer and McNair to B2 cell 7, AIC Crain; while disputing my facts for me; through this misconduct report, by adding on, in my Misconduct report. Staff Witnesses: [To] See U.I.R.?

(D.Z.) Defendants, after the 1st

Attack, ▓▓▓ (2nd dispute; with AIC Brewer and me, right here, on its face - Coupled with all my Complaints (complaints); did Know of and disregarded An excessive risk to my Safety, by using A Subjectively Culpable State of mind; when the Allowance after the ▓▓▓ 2nd bodily risk of harm (dispute) resoluted in a Second AIC Running through them (the defendant(s), in front of my Cell 7 unit B2, where I had Just Been assulted, to be attacked while in Restraints; attacked again. This is and does present evidence of a Specific or direct threat of imminent bodily harm and "the ability of another to Effectuate that harm." Helling V. McKinney, 509 U.S. 25, 34 (1993) (describing protecting against "Sufficiently imminent dangers"). Moreover Rule 56 (c) (3) Materials not Cited. The Court need ▓▓▓ Consider only the Cited Materials, but it may Consider other materials in the record. [This Rule is Applicable to All Actions, including those against the U.S. or An Officer or agency thereof]. Accordingly and respectfully to this Court, defendants Summary Judgement does not meet its Standard and fails, here equally.

I ask this Court on the Merits, to deny motion, because Summary Judgement may be

11.) inappropriate where the evidentiary matter in support of the Motion does not establish the absense of a genuine issue, Summary Judgement must be denied even if no opposing evidentiary matter is presented and here, for the Other Materials in the record, the Moving Party, defendants, Cannot Show that there is no genuine dispute as to Any Material facts. *Genuinely, not Only do All defendants Declarations State: John Couture Nov. 21, 25., Complaint 1. I approached Couture And Stated I would not be Celled up with AIC Crain Because Crain had bad Charges. (Though this is an unknown date Prior to the 17th Jan. 2024; It's Still a Complaint.). Travas Kammerzell. Nov 24, 2025. Complaint 2. A few days before Jan. 17th 2024. I approached him and asked for a Cell Move due to Me and AIC Crain not getting along. (Defendant Kammerzell acknowledges Another Complaint from Me, AIC Crain And Unit B2 Cell 7.) Kevin Schatzlein, Dec. 5th, 2025. Complaint 3. I learned that there were Some issues in the Cell between AIC Diaz and Crain. (This Court may see a Showing here Of a Completed *genuine issue that is "part of" An essential ~~element,~~ element to my case, Unit B2 Cell 7.); futhermore, All defendants declare that the above Statements is true "to the Best Of their Knowledge and

Belief, And made for use as evidence in Court. But the Complaint(s) from me are Only "part" of the disregard for an excessive risk to my Safety; ~~another~~ another piece and/or part is Clear that Once Assurfed the 1st time in my Cell 7 unit housing B2; defendant(s) did nothing to help with my Safety when defendants (at that point in time) "was" aware of not Just Some metaphysical doubt from which that inference Could be drawn that a Substantial Risk Of Serious harm exist; and how All defendant[s] Must have also ~~drew~~ the inference; Farmer V. Brennan, 511 U.S. 825, 837 (1994).; to ~~Back~~ [then] had Known, that in Relation To Sonner Crain And all attempts to be Moved out of harms way; B2 unit, Cell 7 ℒOC1, from which all "actual" notice (Complaint[s]) Of Risk, Other Attacks and deliberate indifference; Came from, but which are Completely All +Genuine issues Connected with Being tied to Unit Housing B2 Cell #7, where defendant(s) focus their initial Arguements' for Summary Judgement; tying 2 Security Threat Management +Groups Conflicting With One Another, together, over a risk Of harm that is Rooted by Complaints Of a Cell Move, Attacks and Assults, Correctional Staff

12)

13) and other D.O.C. AIC's and most importantly, a Connection, tie, and Genuine dispute to my person, security custody, and Safety. [i.e. The right to be free from unreasonable or Cruel and Unusual punishment.].

Other material facts.
The mere fact that the fundamental requirement of a failure-to-protect claim is actual notice of risk; (1) Complaint by definition is an expression of Grief, "pain" or dissatifaction or is a formal Accusation against a person; It is an actual notice. (2) Notice by definition (may be a); warning, Announcement. To make mention of [actual notice of [RISK]; Remark On (3). Risk by definition (may be a) exposive "to possible" loss or "injury". (4). injury by definition (may be) an act that damages or hurts: wrong. - hurt, damage, or loss Sustained. (5) Hurt by definition (may be) to feel or Cause to feel physical or emotional pain. (again a Complaint is an expression of pain). This Court may find, that my record does have evidence to prove my Complaints as actual notice of risk, denying Defendants

Summary Judgement.

my name is Sebastian Diaz, I was Born Aug. 9th 2000 AIC Sauner Craine was Born July 19th, 1975. Cell Risk factors should have applied. He is 25 years Older than me.

14.)

EOCI Unit Housing B2 Cell 7 Connects for my Case, a Strong Record for denial of Summary Judgement and to move this Court to trial.

AIC Crain Celled in B2 Cell 7.

I Celled in 7, unit B2.

Complaints from Both me And Crain Came out of Unit B2 Cell 7.

In Unit B2 Cell 7, my safety was assulted and attacked by 2 other AIC's. AIC Brewer, after attacking me was order out of B2 Cell 7.

I was order to Stay in my Cell 7, Unit B2, were restraints were placed on me.

Defendants knew of issue Coming from Unit B2 Cell 7.

After Assult by Brewer, defendants stood and were present in front of Cell 7 Unit B2.

15.) Defendants did not Stop Another AIC from ~~Assulting me in front of~~ ↓Cell 7, Unit B2 after an assult~~um~~ already took place.

AIC McNair, Ran in~~to~~ front of my Cell 7 Unit B2 and assulted me while in hand Cuffs and in front of defendant(s).

2 groups on Unit B2 where having issues and Cell 7 on Unit B2 was involved and I Have actual Notice Of Risk And/or harm to defendant(s) who did next to Nothing to help me, keep me Safe and protect me. I move this Court to please deny Summary Judgement.

Unit B2 Cell 7 Connects all and is the Connection.

Safely, this Court may presume that in my initial Claim, (Grievance); the first Sentence is there was issues between two groups, Specifically North Siders and Natives, Meaning that because I, Diaz; was trying to Move Out Of B2 Cell 7. (In which Cell 7 does Connect AIC Crain, and the presumptions 2 other AIC's, Brewer and McNair, this Court may find that these 3 AIC's are Native Gang members



Giving proof that there is material fact(s) that add up to a "Genuine Dispute" where Bodily Risk of harm; was at large and happened, and that involved B2 unit; cell number 7; where defendants did fail to protect Me, Diaz; Multiple times. I ask Once more, to let the record Reflect these fact(s) and deny Defendants Summary Judgement?.

16.)

~~I Call upon this Court to Subprea the video in this misconduct Report before making a decision on Summary Judgment; and to determine whether it do not if it applys as evidence to my above Stated agreement(s)~~ See Attached exibit A.

~~* Written by Hearing Officer Nevil, Heather~~

I Call upon this Court to Subprea the video Referenced in this Misconduct Report Written by Hearing of first Nevil, Heather;; before making a decision on Summary Judgement, and to determine weather or not if it applies as evidence to my above Stated agreement(s) (for my claim(s) in my Case.)

(See Attached Exhibit A, B, C)

# OREGON DEPARTMENT OF CORRECTIONS
## MISCONDUCT REPORT

CASE # _____

Name: Diaz, Sebastion    SID# 26493192    Housing: B2    Assignment: 7A
(Last    First,    MI)

ODOC Facility: EOCI    Location of Violation: B2    Date: 1/17/2024    Time: 1250pm

### Charge(s) SELECT THE APPROPRIATE RULES(S)

| 2.05 | AIC Assault I | (Major) | | Select One | |
|---|---|---|---|---|---|
| Rule# | Title of Rule | | | Rule# | Title of Rule |
| 4.01 | Disobedience of an Order I | (Major) | | Select One | |
| Rule# | Title of Rule | | | Rule# | Title of Rule |
| Select One | | | | Select One | |
| Rule# | Title of Rule | | | Rule# | Title of Rule |

Description of Violation (Explain how you discovered/learned the facts and who, what when, where, and how. Use continuation sheet if needed.):

On 1/17/24, at approximately 12:50pm, I was working my assigned post as B2 Housing Unit Officer. I was standing at the Officer Station and heard noises coming from cell 7 consistent with a fight. As I approached the open cell I witnessed AIC Brewer, Luke SID#19691278 and AIC Diaz, Sebastian SID#26493192 standing arms locked together and both of their faces bloody. I made a transmission on my institution radio, "B2 In Cell Fight." I gave both AICs 3 directives to stop fighting or I would spray. They ignored my directives to stop fighting, so I deployed my oleoresin capsicum (OC) spray for a one second burst to AIC Brewer's face and one more burst to AIC Diaz's face. Both fighters separated after OC was deployed. I ordered AIC Brewer to go to the unit day room and AIC Diaz to stay in his cell and they both complied.

Support staff arrived on the unit shortly thereafter and handcuffed AIC Brewer. In the process of restraining AIC Diaz, AIC McNair, Zachary SID#18472655 ran across the tier between staff and started to assault AIC Diaz with closed fist punches to the side of the body and head. Support staff then took both AIC McNair and AIC Diaz to the ground in an attempt to stop the assault. Once Both AICs were on the ground AIC McNair was able to throw approximately three closed fist punches to the side of AIC Diaz's head as they were in close proximity to each other. I went to assist and was able to successfully place AIC McNair in handcuffs. Once all fighters were separated and in restraints response staff escorted AIC Brewer, AIC Diaz, and AIC McNair separately off the unit without further incident.

The actions of these AICs resulted in a institution lockdown, severely impacting the safety, security and orderly operation of the facility. Cost of replacement of OC spray is $11.75.

Disposition of Physical Evidence: _____

Staff Witnesses:    See UIR

Immediate Action Taken:    AICs Taken to Segregation

Submitted by: K.Schatzlein    *K. Schatzlein* #00105    Officer    Time: 1000am    Date: 1/18/2024
Printed Name and Signature    Title

Reviewing Supervisor: *Miller* /signature/    Lt    Time: 1050a    Date: 1-18-24
Printed Name and Signature    Title

************************PLACED IN HOLDING STATUS************************

As Officer-in-Charge, I have reviewed the foregoing Misconduct Report and find that the rule violation(s) is/are of such a serious nature that the good order and security of the facility require immediate removal of the AIC and placement in segregation status because:

Placed in Segregation by: _____    Time: _____    Date: _____
Printed Name and Signature    Title

Prehearing Segregation    Approved: ☐    Denied: ☐    Release Ordered: _____
    Signature    Title    Time/Date

Copy Delivered by: M. Marcum-Pryor / Sgt. Marcum-Pryor    0700 / 1-19-2024
Printed Name and Signature    Title    Time/Date    CD 293D(02/2021)

Page 1

*Handwritten margin notes (left):* C/o is saying it happened in my cell.

*Handwritten margin notes (right):* This entire paragraph is about him and what he did, meaning he told me to stay in my cell, so why later if he's first responder, did he have to come back to assist? why did he not block the door or entrance to my cell? or since he was here first, and was closest / in front of my cell, once he order Brewer out of my cell to the dayroom why did he not use cell to lock my cell door to lock my transmission Radio Door till I was cuffed? He waited to use his cuffs for McNair, in so, proper procedures from his physical person and duties, per policy fail here.

EXHIBIT A

*Exhibit B*

0539

RECEIVED

JAN 2 4 2024

## Oregon Department of Corrections
## Disciplinary Hearing
# Finding of Fact, Conclusion, and Order

| | | | |
|---|---|---|---|
| **Offender Name:** | Diaz, Sebastian Ramon | **Case #:** | 2401 EOCI 0069 EOCI 32 |
| **SID:** | 26493192 | **Date(s) of Hearing:** | 01/24/2024, 01/23/2024 |

**Rules Charged**          **Plea**

2.05  -  AIC Assault I          Deny

4.01  -  Disobedience of an Order I      Deny

## Procedural Points

Adult in Custody (AIC) received a copy of the Misconduct Report, Notice of Hearing, Notice of Rights in a Hearing and Rules of Prohibited Conduct. The AIC acknowledged understanding the Misconduct Report and Rights in a Hearing.

The Hearings Officer considered the Confidential Information provided and found it to be believable.

On January 23, 2024, the Hearings Officer postponed the hearing for good cause. The case was reconvened on January 24, 2024, and concluded.

Relevant documentary evidence submitted for this case was considered by the Hearings Officer.

A video recording of the incident was considered by the Hearings Officer.

## Finding of Fact

On January 17, 2024, Officer Schatzlein supervised B2 Housing Unit. At 12:50 p.m., Officer Schatzlein was at the officer station when he heard sounds consistent with an altercation coming from B207. Officer Schatzlein responded and as he approached the cell, Officer Schatzlein observed AICs Brewer, Luke (#19691278) and Diaz, Sebastian (#26493192) standing arms locked together with bloody faces. Officer Schatzlein alerted response staff via institution radio, "B2 In Cell Fight." Officer Schatzlein issued three directives to stop fighting and warned he would deploy spray. Due to non-compliance, Officer Schatzlein deployed oleoresin capsicum (OC) spray at both AIC Brewer face and AIC Diaz' faces. AICs Diaz and Brewer separated. Officer Schatzlein directed AIC Brewer to go to the unit dayroom and AIC Diaz to stay in his cell. Both AICs complied. Response staff arrived and applied wrist restraints to AIC Brewer.

While staff were applying restraints to AIC Diaz' wrists, AIC McNair, Zachary (#18472655) ran out of his assigned cell across the tier and started to assault AIC Diaz. AIC McNair struck AIC Diaz with closed fists in the head and body. Staff placed both AIC McNair and AIC Diaz on the floor. Once the AICs were on the floor, AIC McNair was able to strike AIC Diaz in the head several times. Officer Schatzlein applied wrist restraints to AIC McNair.

Once AICs Brewer, Diaz, and McNair were separated and restrained, response staff escorted them from the unit to Disciplinary Segregation.

This incident resulted in the west side of the facility being placed on lockdown.

This incident severely impacted the safety, security and orderly operation of the facility.

**EXHIBIT B**

---

**Confidentiality Notice:** This document contains information belonging to the Department of Corrections. This information may be confidential, restricted, and/or legally privileged, and is intended for appropriate and approved use under existing department rules, regulations, confidentiality and security agreements. If you have received this document in error, please notify DOC immediately, keep the contents confidential, and promptly destroy the information and/or delete the document information from your computer system.



## Oregon Department of Corrections
## Disciplinary Hearing
# Finding of Fact, Conclusion, and Order



| | | | |
|---|---|---|---|
| **Offender Name:** | Diaz, Sebastian Ramon | **Case #:** | 2401 EOCI 0069 EOCI 32 |
| **SID:** | 26493192 | **Date(s) of Hearing:** | 01/24/2024, 01/23/2024 |

### Finding of Fact

Officer Schatzlein requested that the cost to replace the OC spray be assessed in restitution.

Based on a preponderance of the evidence provided for consideration in this case, AIC Diaz was unilaterally assaulted twice. The first time by AIC Brewer, Luke (#19691278) in his own cell where he should have a reasonable expectation of being safe. This assault did not stop, despite staff directives to do so, until force was utilized. The second assault was perpetrated by AIC McNair, Zachary (#18472655), while AIC Diaz was cuffed behind his back on the tier with staff in the immediate area. Force was utilized to stop the second assault as well.

### Ultimate Findings of Fact and Conclusions

Rule 2.05, AIC Assault I, and Rule 4.01, Disobedience of an Order I, are dismissed due to insufficient evidence.

### Preliminary Order

| **Rule** | **Charge** |
|---|---|
| AIC Assault I | Dismissed |
| Disobedience of an Order I | Dismissed |

| | | |
|---|---|---|
| **Hearing Officer:** Nevil, Heather | | **Date:** 01/24/2024 |
| **Functional Unit Manager:** | | **Date:** 1/24/24 |
| **Final Order:** ☒ Approved | ☐ Order Hearing Reopened | ☐ Amended per below |

_____

_____

**Confidentiality Notice:** This document contains information belonging to the Department of Corrections. This information may be confidential, restricted, and/or legally privileged, and is intended for appropriate and approved use under existing department rules, regulations, confidentiality and security agreements. If you have received this document in error, please notify DOC immediately, keep the contents confidential, and promptly destroy the information and/or delete the document information from your computer system.

 



# Oregon Department of Corrections (ODOC)
## Eastern Oregon Correctional Institution
### Grievance - Denied

**To:** Diaz, Sebastian        **SID #:** 26493192        **Cell:** EOCI:F337B
**From:** Cunha, S          **Date:** 07/02/2024

**Re:** Non-Medical# EOCI_2024_05_082

The grievance you submitted is being returned to you due to non-compliance with the Department of Corrections (DOC) Rule #109 (Grievance Review System) for the following reason(s):

**05/14/24: Rec'd initial grievance-DENIED- Per rule, grievances must be received by the Grievance Coordinator within 14 calendar days from the incident/issue being grieved**

Grievances must be received by the institution grievance coordinator or designee within 14 calendar days from the date of the incident or issue being grieved, unless the AIC can satisfactorily demonstrate why the grievance could not be timely filed. Untimely grievances will be denied and returned to the AIC with a statement of the rule.

A denied initial grievance or appeal cannot be appealed.

If you have any questions regarding your grievance, please refer to the Department of Corrections Administrative Rule "Grievance Review System" teh #109 located in the legal library or kyte your institution Grievance/Discrimination Complaint Coordinator.

Confidentiality Notice: This document contains information belonging to the Department of Corrections. This information may be confidential, restricted, and/or legally privileged, and is intended for appropriate and approved use under existing department rules, regulations, confidentiality and security agreements. If you have received this document in error, please notify DOC immediately, keep the contents confidential, and promptly destroy the information and/or delete the document information from your computer system.

EXHIBIT 1B

Exhibit 1B

Page: 1 of 3 (3 page limit)                    Grievance # EOCI-2024-05-082

Official Use Only          Resubmit

## GRIEVANCE FORM

Name: DIAZ   Sebastian   R   26493102   F316A
      Last    First      Initial  SID#   Cell/Block/Bunk #

Whom are you grieving C.O. KAMMERZELL, LT. YOUNCE, C.O. SCHATZLEIN, CO COURTOURE- ALL INVOLVED STAFF

Please provide the date/time of incident giving rise to grievance: 1-17-24

List in detail all the reasons for your grievance. (What is the problem? When did it happen – date/time/place?) Attach copies of any documents or any material(s), which support your grievance, including the names of any persons you think should be questioned.

SEVERAL DAYS PRIOR TO 1-24-24, A SITUATION OCCURRED ON A3 BETWEEN US NORTHSIDERS & THE NATIVES. THEN ON 1-24-24, C.O. KAMMERZELL QUESTIONED ME ABOUT THE SITUATION THAT OCCURRED ON A3. HE HAD OBVIOUSLY BEEN MADE AWARE OF THE SITUATION. THE FOLLOWING DAY I WAS MOVED TO B2 AND PLACED IN A CELL WITH A NATIVE AIC. I DONT KNOW WHY THEY WOULD MOVE ME IN THE CELL WITH A NATIVE AIC WHEN C.O. KAMMERZELL KNEW THAT THERE WAS ISSUES BETWEEN US. I BELIEVE THEY DID THAT TO SET ME UP. & I MOVED TO B2 ON FRIDAY, ON SUNDAY I SPOKE TO C.O. COURTOURE AND I TOLD C.O. COURTOURE THAT MY HOUSING ASSIGNMENT WAS NOT GOING TO WORK AND THAT I NEEDED TO BE MOVED. I EXPLICTLY EXPLAINED THAT AIC CRANE HAD BAD CHARGES AS WELL AND BEING THAT I WAS AN ACTIVE GANG-MEMBER I COULDNT BE CELLED UP WITH AIC CRANE. C.O. COURTOURE

Describe what action you want taken to resolve the grievance. (How can the problem be solved?)

I AM REQUESTING FINANCIAL COMPENSATION FOR MY INJURIES AND FOR STAFF'S DELIBERATE INDIFFERENCE AND FAILURE TO PROTECT. I WANT AN APOLOGY LETTER. I WANT THE AG'S OFFICE TO INVESTIGATE.

3-12-24                                         Sebastian Diaz
Date                                            Signature

| Receiving Facility (If not processing facility) | Received at Processing Facility | Accepted/Denied/RFC | Accepted/Denied/RFC |
|---|---|---|---|
| Date Stamp | RECEIVED MAY 14 2024 EOCI GRIEVANCE OFFICE Date Stamp | DENIED MAY 14 2024 EOCI GRIEVANCE OFFICE Date Stamp | Date Stamp |

For grievance information see back page. Distribution: White (Original grievance form); Canary (AIC receipt after processed)          CD 117 (11/2019)

EXHIBIT 1C

Exhibit 1c

Page: 2 of 3 (3 page limit)        Grievance # EOCI-2024-05-082

Official Use Only                Resubmit

**GRIEVANCE FORM**

Name: DIAZ Sebastian R    26493192    16A F3
        Last        First        Initial    SID#    Cell/Block/Bunk #

Whom are you grieving C.O. KAMMERZELL, LT YOUNCE, CO. SCHATZLEIN, CO COURTOUPE, ALL STAFF INVOLVED)

Please provide the date/time of incident giving rise to grievance: 1-17-24

List in detail all the reasons for your grievance. (What is the problem? When did it happen – date/time/place?) Attach copies of any documents or any material(s), which support your grievance, including the names of any persons you think should be questioned.

SAID HE COULDN'T MAKE MOVES, BUT THAT HE WOULD CALL SOMEONE. THEN ON MONDAY, I SPOKE TO C.O. SCHATZLEIN AND TOLD HIM THE SAME THING AND TOLD HIM I NEEDED TO BE MOVED. I ALSO SENT LT. YOUNCE A KYTE OVER THE WEEKEND, INFORMING HIM OF THE SITUATION. THEN ON MONDAY I SPOKE TO C.O. KAMMERZELL AND EXPLAINED THE SITUATION WITH MY CELLY AND DONT HIM I NEEDED TO BE MOVED. C.O. KAMMERZELL SAID AND I QUOTE, "PUT YOUR BEANIE OVER YOUR EYES AND CHILL." CO KAMMERZELL WAS DELIBERATELY INDIFFERENT. THEN ON WEDNESDAY (1-17-24) I SPOKE TO LT. YOUNCE AND EXPLAINED THE SITUATION TO HIM AND TOLD HIM I NEEDED TO MOVE. LT. YOUNCE SAID, "I'LL LOOK INTO IT," BUT DID NOT TAKE MY CONCERNS SERIOUSLY. 20 OR 30 MINUTES LATER I WAS IN MY CELL AND MY DOOR WAS OPEN BECAUSE THEY WERE DOING, TRAY UP.

Describe what action you want taken to resolve the grievance. (How can the problem be solved?)

I WOULD' HAVE FILED A GRIEVENCE SOONER, BUT I FEARED RETALIATION FROM THE ADMINISTRATION. I FEARED THAT THEY WOULD PUT ME IN ANOTHER BAD SITUATION THAT THREATENED MY SAFETY.

5-12-24                                Sebastian Diaz
Date                                        Signature

| Receiving Facility (If not processing facility) | Received at Processing Facility | Accepted/Denied/RFC | Accepted/Denied/RFC |
|---|---|---|---|
| | RECEIVED MAY 14 | DENIED MAY 14 2024 EOCI GRIEVANCE OFFICE | |
| Date Stamp | ECCI CP Date Stamp | Date Stamp | Date Stamp |

For grievance information see back page. Distribution: White (Original grievance form); Canary (AIC receipt after processed)        CD 117 (11/2019)

EXHIBIT 1D

Exhibit 1D

3 of 3  (3 page limit)          Grievance # EOCI-2024-05-082

Official Use Only          Resubmit

## GRIEVANCE FORM

Jiaz Sebastian R  26493192  16A F3
Last       First       Initial   SID#     Cell/Block/Bunk #

Whom are you grieving CD KAMMERZELL, LT YOUNCE, CO SCHATZLEIN, CO COVPTOURC, ALL STAFF INVOLVED

Please provide the date/time of incident giving rise to grievance: 1-17-24

List in detail all the reasons for your grievance. (What is the problem? When did it happen – date/time/place?) Attach copies of any documents or any material(s), which support your grievance, including the names of any persons you think should be questioned.

THAT'S WHEN AIC BREWER SID 19691278 RAN INTO MY CELL AND BRUTUALLY ATTACKED ME. I FOUGHT BACK TO DEFEND MYSELF, BUT I SUSTAINED PHYSICAL INJURIES FROM THIS UNPROVOKED ATTACK. I WAS THEN HANDCUFFED AND THAT'S WHEN AIC MCNAIR BEGAN TO YELL THREATS AT ME. IT SHOULD NOTED THAT AIC MCNAIR'S DOOR WAS OPEN WHEN HE WAS YELLING AND THREATENING ME. STAFF HEARD THE THREATS FROM AIC MCNAIR AND DID NOT CLOSE HIS DOOR. INSTEAD THEY WALKED ME PAST HIS CELL AND AIC MCNAIR RAN OUT OF CELL AND BRUTUALLY ATTACKED ME WHILE I WAS HANDCUFFED. AIC MCNAIR BEGAN PUNCHING ME AND WE DID NOT STOP HIM UNTIL STAFF THREW US BOTH TO THE GROUND EVEN THOUGH I WAS THE ONE BEING ASSUALTED. EVEN AFTER WE WERE TACKLED TO THE GROUND, AIC MCNAIR WAS STILL ABLE TO PUNCH ME IN THE HEAD. THE STAFF INVOLVED ARE GUILTY OF DELIBERATE INDIFFERENCE AND FAILURE TO PROTECT.

Describe what action you want taken to resolve the grievance. (How can the problem be solved?)

_____

_____

_____

5/12/24          Sebastian Diaz
Date             Signature

| Receiving Facility (If not processing facility) | Received at Processing Facility | Accepted/Denied/RFC | Accepted/Denied/RFC |
|---|---|---|---|
| | RECEIVED | DENIED | |
| | | MAY 14 2024 | |
| Date Stamp | EOCI GRIEVANCE ~~~~ Date Stamp | EOCI GRIEVANCE OFFICE Date Stamp | Date Stamp |

For grievance information see back page. Distribution: White (Original grievance form); Canary (AIC receipt after processed)          CD 117 (11/2019)