**KAREN M. VICKERS,** OSB No. 913810
kvickers@vickersplass.com
Telephone: 503-726-5985
**BETH F. PLASS,** OSB No. 122031
bplass@vickersplass.com
Telephone: 503-726-5975
VICKERS PLASS LLC
5200 SW Meadows Road, Suite 150
Lake Oswego, OR 97035

Special Assistant Attorneys General for
Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

|  |  |
|---|---|
| SEBASTIAN DIAZ,<br><br>                                     Plaintiff,<br><br>           v.<br>KAMERZELL, LIEUTENANT YOUNCE, C/O<br>SCHATZLEIN and C/O COURTOURE,<br>                                     Defendants. | Case No. 2:25-CV-0092-AN<br><br><br>DEFENDANTS' REPLY IN<br>SUPPORT OF MOTION FOR<br>SUMMARY JUDGMENT |

Defendants respectfully submit the within reply memorandum in further support of their

motion for summary judgment.

### ARGUMENT

### I.    AIC Diaz's unsworn argument cannot be used to create a fact question.

When opposing a motion for summary judgment, a plaintiff must support their motion by

evidence that would be admissible at trial. Fed. R. Civ. P. 56(c)(2), (4). Unsworn declarations

can be used in lieu of an affidavit if signed, dated, and states it is true under the penalty of

perjury. *Chao v. Westside Drywall, Inc.,* 709 F. Supp. 2d 1037, 1052 (D. Or. 2010). Here,

because AIC Diaz's opposition is neither sworn nor given under penalty of perjury, he cannot

use it to satisfy his summary judgment burden.  The record therefore lacks evidence sufficient to create a fact question.

**II.      Regardless, defendants were not deliberately indifferent to a substantial risk of serious harm.**

Defendants' opening motion explained that they were not deliberately indifferent to a substantial risk of serious harm in violation of AIC Diaz's Eighth Amendment rights.  Motion at 3.

Defendants explained, first, that AIC Diaz was not incarcerated under conditions posing a substantial risk of serious harm.  Motion at 4.  Specifically, AIC Diaz relayed only generalized concerns about his cellmate, and no specific information.  *Id.*   In response, AIC Diaz does not provide information about specific threats.  Instead, he argues that he advised only that his cellmate had "bad charges" and he did not want to be celled up with him.  AIC Diaz does not satisfy the first element of a deliberate indifference claim.

Defendants explained, second, that they did not know of and disregard an excessive risk to AIC Diaz's safety.  Motion 5-6.  Instead, defendants gave AIC Diaz options and followed-up with him to confirm that he wanted to stay in his cell.  *Id.*  Nowhere in AIC Diaz's response brief does he attempt to dispute that he was given options about how he could move and not be in the cell with AIC Crain.  AIC Diaz also does not dispute that just prior to the fight, AICs Diaz and Crain told defendant Schatzlein's break officer that they were fine living together.  *Compare* Response *with* dkt. 42, Schatzlein decl. ¶ 3.  Defendants acted reasonably in response to Diaz's non-specific complaints.  Diaz does not satisfy either element of a deliberate indifference claim.

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

In his response, AIC Diaz argues that defendant Schatzlein was deliberately indifferent because, after the altercation between himself and AIC Brewer was broken up, a third AIC, McNair, ran out of his assigned cell and started to assault him. *See* dkt. 44 p. 18 (Exhibit A). AIC Diaz appears to argue that, after separating him from AIC Brewer and ordering him to remain in his cell, Officer Schatzlein should have somehow prevented AIC Brewer from assaulting him. *See id.*

The interaction between these three AICs took place over about three minutes total. Officer Schatzlein was able to get Diaz and Brewer separated by deploying OC spray. While staff were placing the handcuffs on Diaz, AIC McNair ran across the hall and between two staff members and started assaulting AIC Diaz. Staff immediately physically intervened to stop the altercation, which lasted about 20-25 seconds. Supplemental Declaration of Kevin Schatzlein ¶¶ 2-3.

This does not demonstrate deliberate indifference. AIC Diaz does not show that Schatzlein was subjectively aware of a risk that an inmate would attempt to assault Diaz while officers were physically restraining him. In fact, the officers' own placement in the middle of the fracas suggests the opposite. Additionally, AIC Diaz does not show that defendants acted unreasonably with respect to restraining him and immediately physically intervening during the 20-25 second altercation with AIC McNair. Deliberate indifference is a high legal standard. Because defendants responded promptly and reasonably to a sudden, unanticipated risk, no reasonably jury could find deliberate indifference. *See Montes v. California,* 2014 WL 3519179, *4 (C.D. Cal. May 1, 2014), adopted, 2014 WL 3529424 (C.D. Cal. Jul. 10, 2014).

PAGE 3 – DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**CONCLUSION**

For the reasons given in defendants' opening brief and above, defendants respectfully request that the Court grant their motion for summary judgment against all claims in AIC Diaz's complaint.

DATED: January 30, 2026.

DAN RAYFIELD ATTORNEY GENERAL FOR THE STATE OF OREGON

_____s/Beth F. Plass_____
**KAREN M. VICKERS,** OSB No. 913810
kvickers@vickersplass.com
503-726-5985
**BETH F. PLASS,** OSB No. 122031
bplass@vickersplass.com
503-726-5975
Special Assistant Attorneys General for Defendants

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have made service of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** by sending a true and correct copy of same in the following manner:

      X    U.S. regular mail, first class postage prepaid;

_____ Hand delivery;

\_\_\_\_\_ Electronic mailing;

\_\_\_\_\_ Express and/or overnight service;

to the person listed below and addressed as follows:

Sebastian Diaz
SID #26493192
Two Rivers Correctional Institution
82911 Beach Access Rd
Umatilla, OR 97882

DATED:  January 30, 2026.

DAN RAYFIELD ATTORNEY GENERAL FOR THE STATE OF OREGON

     *s/Beth F. Plass*
**KAREN M. VICKERS,** OSB No. 913810
kvickers@vickersplass.com
503-726-5985
**BETH F. PLASS,** OSB No. 122031
bplass@vickersplass.com
503-726-5975
Special Assistant Attorneys General for Defendants

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975